## Case No. 4,137.

DUNCAN et al. v. MOBILE & O. R. CO. et al.

[2 Woods, 542.][1]

Circuit Court, S. D. Alabama. June Term, 1876.

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

George N. Stewart, Robert H. Smith, and Wm. G. Jones, in support of the master's report, cited Ludlow v. Grayall, 11 Price, 58.

E. L. Andrews, contra.

WOODS, Circuit Judge. Briefly stated, the grounds upon which this recommendation is based by the master, and upon which the confirmation of his report was urged by counsel, are: (1), That the whole of the money represented by this floating debt has in good faith gone to the bondholders, partly and chiefly by paying their interest coupons; and as to the residue, by the improve-

ments and betterments of the railroad property; and (2), that a large amount of the bonds of the company are hypothecated for the payment of this floating debt; and (3), that the settlement of this floating debt, by payment or compromise, is essential to such management of the property or reorganization of the company, as will preserve the valuable franchises, privileges and exemptions of the existing corporation. I have been unable to come to the conclusion, that the recommendations of this report ought to be adopted by the court. The debt, which it is proposed to pay out of the income of the road, is a floating debt, partly secured by bonds, etc., inferior in rank to the great mass of bonds making up the bonded debt of the defendant company. The company has failed to pay the interest on those bonds having the superior lien, and for that reason the trustees of the first mortgage have taken possession of the road for the purpose, among others, of applying its income to the payment of the interest, and if there should be a surplus, to the principal of these bonds. The proposition is to apply, for the reasons stated, the income which the first mortgage bondholders are entitled to, to the payment of the floating debt. The fact that the floating debt was contracted in good faith for the benefit of the railroad company's property, and therefore for the benefit of the bondholders, is true of perhaps all such debts. But that does not give the floating debt creditors any ground upon which to claim that their debt should be paid first. Galveston R. Co. v. Cowdrey, 11 Wall. [78 U. S.] 482. But I do not understand that the floating debt creditors claim this application of the income of the road as a legal right. It stands simply on the ground that to refuse their payment, would be inequitable. But I cannot invade the legal rights of others to relieve the floating debt creditors from the position in which they have voluntarily placed themselves. The facts that a large amount of inferior securities of the railroad company, now hypothecated for the floating debt, would be released by its payment, and that a reorganization of the company would be greatly facilitated and the valuable franchises of the company thereby preserved by the proposed payment of the floating debt, are doubtless strong considerations, when addressed to the bondholders themselves. But can this court waive the rights of the bondholders, because we might think it would turn out to their advantage? Can we make a contract for them; because we think it would be a good contract? Have we the power to take money which belongs to them and give it to others without their consent, because we think it would be for their interest? They have not consented to this diversion of their money, and no one who is authorized to do so has consented for them. For the trustees to undertake to give assent for the bondholders is clearly

outside of their powers and duties, which are plainly prescribed in the deed of trust. This court is, in my judgment, without any power to make the decree recommended by the report. To undertake to do it would be to invade the legal rights of the bondholders, and if established, as within the power of a court of equity, would shake the credit of railroad securities throughout the world. I must, therefore, decline to adopt the recommendations of the master.